IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL MARRIOTT,         | : | CIVIL NO. 1:CV-05-0320 |
| Petitioner,            | : | |
|                        | : | (Judge Kane) |
| v.                     | : | |
|                        | : | |
| WARDEN CRAIG APKER,    | : | |
| Respondent             | : | |

**MEMORANDUM AND ORDER**

Paul Marriott, an inmate housed at the Low Security Correctional Institution at Allenwood, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of a 1998 conviction in the United States Court for the Eastern District of Tennessee. (Doc. 1). Annexed to the petition is a memorandum of law with exhibits. (Doc. 2).

The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (1977),[1] as it is the duty of the Court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).[2] For the reasons outlined below, it is appropriate to deny the petition at this preliminary stage of the proceedings.

I. Background.

In 1998, Marriott was convicted in the United States District Court for the Eastern District of

---

[1] Rule 4 provides, in relevant part, that the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the Petitioner.

[2] In applications for habeas corpus cases not covered by Rule 1, subdivision (a), which addresses application under 28 U.S.C. §2254, subdivision (b) provides that the rules may be applied at the discretion of the United States district court.

Tennessee of "conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. §§ 846 and 841(a); aiding and abetting the manufacture of cocaine base, 18 U.S.C. §§ 2 and 841(a), and possession with intent to distribute cocaine hydrochloride, 21 U.S.C. §§841(a) and (b)(1)(C)." (Doc. 1, p. 2). On or about October 19, 1998, he received a sentence of 240 months. (Doc. 2, p. 2). Marriott pursued a direct appeal with the Sixth Circuit Court of Appeals, which was denied. *U.S. v. Marriott*, 225 F.3d 660, 2000 WL 1033006, *2 (6th Cir. 2000). The Sixth Circuit found as follows:

> Both defendants contest the district court's calculation of the quantity of drugs attributable to them.[3] For purposes of sentencing, the government must prove by a preponderance of the evidence both the amount of drugs for which a defendant is accountable as well as the types of controlled substances related to an offense. *See United States v. Jones,* 159 F.3d 969, 981-82 (6th Cir.1998); *United States v. Pruitt,* 156 F.3d 638, 647 (6th Cir.1998), *cert. denied,* 525 U.S. 1091 (1999). Because determinations of the quantity and identity of drugs attributable to a defendant are findings of fact, we review those determinations of the district court for clear error. *See Jones,* 159 F.3d at 982; *Pruitt,* 156 F.3d at 647.
>
> In this case, the district court elected to convert the entire amount of powdered cocaine seized to crack cocaine for sentencing purposes. As this court has observed, "it is appropriate to convert powdered cocaine into cocaine base for sentencing purposes, if facts show that an object of the conspiracy was to convert powder to crack ." *United States v. Bingham,* 81 F.3d 617, 628-29 (6th Cir.1996) (citing cases). Here the district court made such a factual finding, which we do not find to be clearly erroneous.

*U.S. v. Marriott*, 225 F.3d 660, 2000 WL 1033006, *2 (6th Cir. 2000). His petition for writ of certiorari to the United States Supreme Court was also denied. *Marriott v. U.S.*, 531 U.S. 1094 (2001).

On or about June 11, 2001, he filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, claiming that his sentence was unlawful under the authority of *Apprendi v New Jersey*, 530 U.S. 466 (2000). (Doc. 2, p. 3, Exhibit (Ex.) C). The motion was denied and the court declined to issue a certificate of appealability. (*Id.*) On June 26, 2002, Marriott moved, in the district court, for

---

[3]The appeals of Marriott and his co-defendant were considered jointly.

reconsideration of the denial of relief and requested the issuance of a certificate of appealability. That motion was also denied. (Doc. 2, Ex. D).

On November 7, 2003, Marriott filed a motion in the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244, for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255. The motion was denied on April 23, 2004. (Doc. 2, p. 3). Shortly thereafter, Marriott "filed a motion under 28 U.S.C. § 1651, the All-Writs Act, seeking redress and release from custody pursuant to 28 U.S.C. § 2241." (*Id.*). This petition was denied by the United States District Court for the Eastern District of Tennessee on January 21, 2005. (Doc. 2, Ex. E).

Marriott then filed the present petition pursuant to 28 U.S.C. § 2241 claiming that he is actually innocent based on the Supreme Court sentencing decisions in *Jones v. United States*, 526 U.S. 227, 230 (1999); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Ring v. Arizona*, 536 U.S. 584 (2002); and *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004). Specifically, "[a]lthough no quantity was mentioned in the indictment, the judge determined, at sentencing that petitioner was responsible for 50 grams or more of cocaine base, thereby subjecting petitioner to an offense that he was neither charged with nor proven beyond a reasonable doubt at trial, thereby violating petitioner's right to due process of law under th Fifth Amendment and Sixth Amendment right to jury trial." (Doc. 1, p. 4). He argues that "[w]ithout the erroneous judgment under §(b)(1)(A) for a §(b)(1)(C) conviction, petitioner would not be subject to a mandatory minimum sentence of 240 months by statute. His statutory penalty would be zero to 30 years imprisonment under §(b)(1)(C) with a prior conviction." (Doc. 2, p. 8).

II. Discussion.

It is well-established that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means

by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002), *citing Davis v. United States*, 417 U.S. 333, 342 (1974*); see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). Claims may not be raised in a § 2241 petition except in "unusual situation[s]" where the remedy by motion under § 2255 would be inadequate or ineffective." 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief or because the gate keeping provisions of § 2255 make it difficult to prosecute successive motions. *See id.* at 251. Nor do the legislative limitations, such as the statute of limitations or gate keeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *United States v. Brooks*, 230 F.3d 643, 647 (3rd Cir. 2000); *Dorsainvil*, 119 F.3d at 251; *Triestman v. United States*, 124 F.3d 361 (2nd Cir. 1997). Both the *Triestman* and *Dorsainvil* courts held that a § 2255 motion was only "inadequate and ineffective" and allowed a petitioner to bring a § 2241 habeas corpus action, where the denial of a habeas action would raise serious constitutional issues. *Triestman*, 124 F.3d at 377; *Dorsainvil*,119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. *Triestman*, 124 F.3d at 366; *Dorsainvil*, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

     Marriott states that he "is well aware that only if it is shown that a § 2255 motion 'is inadequate or ineffective to test the legality of . . . detention' may a federal inmate resort to a § 2241 to challenge the validity of the conviction or sentence." (Doc. 2, p. 5). "It is petitioner's burden to prove that the remedy afforded by § 2255 is inadequate or ineffective." (*Id.*) (citations omitted). He contends that he

4

can meet this burden of proving that § 2255 is inadequate or ineffective by showing that:

> 1. At the time of his conviction and sentencing in 1998, the prevailing law in the Sixth Circuit and others was that drug quantity was a sentencing factor to be determined by the judge, rather than the jury, at sentencing;
>
> 2. The procedural rule of Apprendi had not been decided yet and the procedural change regarding jury and proof requirements was not being applied by the circuits;
>
> 3. It wasn't until the declaration of the rule of Apprendi did this circuit and others declare that drug type and quantity are elements of § 841(a) offenses . . . and must be charged in the indictment and proven beyond a reasonable doubt; and
>
> 4. The applicability of the limitation of scope or procedure was not available as a remedy to afford petitioner a full hearing and adjudication on any wrongful detention claim at the time of his filing of the § 2255 habeas corpus.

(Doc. 2, p. 6).

However, Petitioner's *Apprendi* claim has already been heard. "On or about June 11, 2001, petitioner brought a motion under 28 U.S.C. § 2255, claiming, as his sole ground for relief, that his sentence was unlawful under the authority of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)." (Doc. 2, p. 3). The motion was denied and the district court declined to issue a certificate of appealability. Petitioner fails to recognize that prior unsuccessful § 2255 motions filed in the sentencing court have been held to be insufficient in and of themselves to show that the remedy is inadequate and ineffective. *Tripati v. Herman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966)(*per curiam*). " It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986). The Third Circuit Court of Appeals has held that, as to issues cognizable by the sentencing court under §2255, a §2255 "supersedes habeas corpus and provided the exclusive remedy." *Strollo v. Alldredge*, 462 F.2d 1194, 1195 (3d Cir. 1972)(*per cuiram*). There is no indication that the §2255 remedy was inadequate or

ineffective to address the Petitioner's *Apprendi* claim.

Marriott fares no better in relying on the more recent Supreme Court cases concerning sentencing. In *Blakely*, the Supreme Court announced a rule that the Fifth and Sixth Amendments require that any fact that increases the punishment for an offense, regardless of whether that punishment falls below the statutory maximum for the offense, must be found by the jury, and beyond a reasonable doubt. ___ U.S. ___, 124 S.Ct. 2531, 2537. The Court relied on its previous decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Ring v. Arizona*, 536 U.S. 584 (2002). The hurdle faced by Marriott is that generally the Supreme Court does not apply new rules of constitutional procedure to cases that have become final before the rule was announced. *See Schriro v. Summerlin,* ___ U.S. ___, 124 S.Ct. 2519, 2523 (2004). Every Court of Appeals to have addressed the issue thus far has concluded that the Supreme Court's sentencing decisions do not apply retroactively to cases on collateral review. *See United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *Bey v. United States*, 399 F.3d 1266 (10th Cir. 2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); *Green v. United States*, 397 F.3d 101 (2d Cir. 2005)(*per curiam*); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). This prohibition applies here. Marriott's conviction became final on January 8, 2001, the date upon which the United States Supreme Court denied certiorari. *Marriott v. U.S.*, 531 U.S. 1094 (2001). *Ring* was not decided until 2002, and the *Blakely* decision was not handed down until June 24, 2004.

Even if Marriott could seek relief in connection with an otherwise final conviction on the basis of any of the Supreme Court cases upon which he relies, a § 2241 petition in the district of confinement would not be the appropriate procedural mechanism for raising the issue. In Marriott's case, he must obtain leave of the Court of Appeals for the Sixth Circuit to file a § 2255 motion in the sentencing court. As noted above, Marriott has unsuccessfully filed a § 2255 motion with the

sentencing court and, on at least one occasion, the Sixth Circuit has denied a motion for authorization to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244.  Section 2255 is not inadequate or ineffective merely because Petitioner is unable to meet the gate keeping requirements for filing a second § 2255 motion.

III.  Order.

     **AND NOW**, this 12th day of May 2005, **IT IS HEREBY ORDERED THAT:**

     1.  The Petitioner's application to proceed *in forma pauperis* (Doc. 5) is **GRANTED** for the purpose of filing the action only;

     2.  Petitioner's motion to award the writ or, alternatively, to issue a show cause order (Doc. 6) is **DENIED**;

     3.  The Petition for Writ of Habeas Corpus is **DENIED**;

     4.  The Clerk of Court is directed to **CLOSE** this case and **NOTIFY THE PETITIONER**.

                                      S/ Yvette Kane
                                      Yvette Kane
                                        United States District Judge